**Baker & Hostetler LLP**
45 Rockefeller Plaza
New York, New York 10111
Telephone: (212) 589-4200
Facsimile: (212) 589-4201
David J. Sheehan
Email: dsheehan@bakerlaw.com
Jorian L. Rose
Email: jrose@bakerlaw.com
Seanna R. Brown
Email: sbrown@bakerlaw.com
Bik Cheema
Email: bcheema@bakerlaw.com

*Attorneys for Irving H. Picard, Trustee*
*for the Substantively Consolidated SIPA Liquidation*
*of Bernard L. Madoff Investment Securities LLC*
*and Bernard L. Madoff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>                    Plaintiff,<br><br>v.<br><br>BERNARD L. MADOFF INVESTMENT SECURITIES LLC,<br><br>                    Defendant, | 12 Civ. 7999<br><br>SIPA LIQUIDATION<br><br>(Substantively Consolidated) |
| In re:<br><br>BERNARD L. MADOFF,<br><br>                    Debtor. | |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
**APPEAL OF ORDER APPROVING TRUSTEE'S SECOND INTERIM DISTRIBUTION**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ....................................................................................................... 2

      A.    Procedural Background ............................................................................... 2

      B.    The Court-Ordered Claims Administration Process ................................. 3

      C.    Expungement of the Surabians' Claims and Objections ........................... 4

      D.    The Trustee's Second Interim Distribution ................................................ 4

      E.    The Surabians' Untimely Appeal ............................................................... 6

ARGUMENT ............................................................................................................................ 6

I.    THE SURABIANS' APPEAL SHOULD BE DISMISSED BECAUSE THE COURT LACKS JURISDICTION ........................................................................................ 6

      A.    Where An Appeal Is Not Timely Filed, The Court Has No Jurisdiction To Hear The Appeal ................................................................................... 6

      B.    The Bankruptcy Rules Require that the Notice of Appeal Include A Designation Of Items And A Statement Of Issues ...................................... 7

II.   THE SURABIANS LACK STANDING TO APPEAL THE DISTRIBUTION ORDER ........................................................................................................................ 8

CONCLUSION ...................................................................................................................... 11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Asbestos Pers. Injury Plaintiffs v. Travelers Indem. Co. (In re Johns-Manville Corp.)*,
  476 F.3d 118 (2d Cir. 2007) ................................................................................................. 6

*Budinich v. Becton Dickinson & Co.*,
  486 U.S. 196 (1988) ............................................................................................................. 6

*D.A. Elia Constr. Corp. v. Damon and Morey, LLP (In re D.A. Elia Constr. Corp.)*,
  2006 U.S. Dist. LEXIS 40577 (W.D.N.Y. June 19, 2006) .................................................. 9

*Erdheim v. Thaler (In re Erdheim)*,
  1999 U.S. App. LEXIS 4238 (2d Cir. Mar. 15, 1999) ......................................................... 8

*Gonzalez v. Musso*,
  2008 U.S. Dist. LEXIS 60179 (E.D.N.Y. Aug. 4, 2008) ..................................................... 9

*Harris v. Albany County Office (In re Harris)*,
  464 F.3d 263 (2d Cir. 2006) ................................................................................................. 7

*Kabro Assocs., LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*,
  111 F.3d 269 (2d Cir. 1997) ............................................................................................... 10

*Kane v. Johns-Manville Corp.*,
  843 F.2d 636 (2d Cir. 1988) ................................................................................................. 9

*Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco Inc.)*,
  2006 U.S. Dist. LEXIS 85691 (S.D.N.Y. Nov. 16, 2006) ................................................... 8

*Newspaper & Mail Deliverers' Union v. Imperial News Co.*,
  1991 U.S. Dist. LEXIS 16337 (S.D.N.Y. Nov. 12, 1991) ................................................... 8

*In re O'Brien*,
  184 F.3d 140 (2d Cir. 1999) ................................................................................................. 9

*In re Pan Am Corp.*,
  2000 U.S. Dist. LEXIS 2562 (S.D.N.Y. Mar. 3, 2000) ....................................................... 9

*In re Refco Inc.*,
  505 F.3d 109 (2d Cir. 2007) ........................................................................................... 9, 10

*In re Salant Corp.*,
  176 B.R. 131 (S.D.N.Y. 1994) ......................................................................................... 8, 9

*Schiavone v. United States*,
  766 F.2d 70 (2d Cir. 1985) ................................................................................................... 8

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Sec. Exch. Comm'n v. Madoff*,
   No. 08-10791 (S.D.N.Y. Dec. 11, 2008) ...............................................................................3

*Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*,
   Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y.) ..........................................................................1

*Siemon v. Emigrant Sav. Bank (In re Siemon)*,
   421 F.3d 167 (2d Cir. 2005) ..................................................................................................7

*Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*,
   673 F.3d 180, 185–86 (2d Cir. 2012) ....................................................................................6

*In re Texaco, Inc.*,
   92 B.R. 38 (S.D.N.Y. 1988) ..................................................................................................9

*United States v. Madoff*,
   No. 08-MAG-2735 (S.D.N.Y. filed Dec. 11, 2008) ..............................................................2

*United States v. Madoff*,
   No. 09-CR-213(DC) ..............................................................................................................3

*In re Victory Markets, Inc.*,
   195 B.R. 9 (N.D.N.Y. 1996) .................................................................................................8

**STATUTES**

15 U.S.C. §§ 78aaa *et seq.* ............................................................................................................1

15 U.S.C. § 78eee(a)(3) .................................................................................................................3

15 U.S.C. § 78eee(a)(4)(A) ............................................................................................................3

15 U.S.C. § 78eee(b)(3) .................................................................................................................3

15 U.S.C. § 78eee(b)(4) .................................................................................................................3

15 U.S.C. § 78fff-2(a)(3) ...............................................................................................................3

15 U.S.C. § 78fff–2(b)(2) ..............................................................................................................4

15 U.S.C. § 78j(b) ..........................................................................................................................2

28 U.S.C. § 158(a)(1) ....................................................................................................................1

28 U.S.C. § 1917 ...................................................................................................................2, 6, 8

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

28 U.S.C. § 1930(b) ...................................................................................................................2, 6, 8

**RULES**

17 C.F.R. § 240.10b-5 ......................................................................................................................2

Fed. R. App. P. 27 ............................................................................................................................1

Fed. R. Bankr. P. 8001(a) .............................................................................................................1, 7

Fed. R. Bankr. P. 8002 .................................................................................................................2, 5

Fed. R. Bankr. P. 8002(a) ............................................................................................................6, 7

Fed. R. Bankr. P. 8006 .............................................................................................................2, 6, 7

Fed. R. Bankr. P. 8011 ....................................................................................................................1

**OTHER AUTHORITIES**

Press Release, Office of Irving H. Picard, SIPA Trustee for the liquidation of Bernard L.
    Madoff Investment Securities (BLMIS), Second Interim Distribution of Recovered
    Funds to Madoff Claims Holders (Sept. 20, 2012) ....................................................................2

Pursuant to 28 U.S.C. § 158(a)(1) and Rules 8001(a) and 8011[1] of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), Appellee Irving H. Picard, as trustee (the "Trustee") for the substantively consolidated liquidation of the business of Bernard L. Madoff Investment Securities LLC ("BLMIS") under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa *et seq.,*("SIPA")[2], and the estate of Bernard L. Madoff ("Madoff"), individually, by and through his undersigned counsel, respectfully seeks dismissal of the above-captioned appeal, filed by Steven, Richard and Martin Surabian (the "Surabians") from the August 22, 2012 Order ("Distribution Order") (ECF No. 4997)[3] of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") Approving the Trustee's Motion For Second Allocation of Property to the Fund of Customer Property and Authorizing Second Interim Distribution to Customers (the "Trustee's Second Interim Distribution Motion") (ECF No. 4930).

## PRELIMINARY STATEMENT

On August 22, 2012, the Bankruptcy Court entered the Distribution Order approving the Trustee's Second Interim Distribution Motion. On September 19, 2012, the Trustee commenced the second distribution (the "Trustee's Second Interim Distribution") to implement the Distribution Order. *See* Declaration of Bik Cheema in Support of the Trustee's Motion to

---

[1] This rule substantially conforms to Federal Rule of Appellate Procedure 27.

[2] For convenience, future references to SIPA shall omit "15 U.S.C."

[3] All ECF references refer to pleadings filed in the main bankruptcy proceeding pending before the United States Bankruptcy Court for the Southern District of New York, captioned *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities LLC*, Adv. Pro. No. 08-01789 (Bankr. S.D.N.Y.) (BRL), unless otherwise noted.

Dismiss Appeal of Order Approving Trustee's Second Interim Distribution ("Cheema Decl."), Ex. A.[4]  The Trustee distributed more than $2.4 billion to customers with allowed claims.

Also on September 19, 2012, almost one month after the Distribution Order was entered and contrary to the provisions of Rule 8002 of the Bankruptcy Rules, the Surabians filed an untimely notice of appeal from the Distribution Order.  Where a party fails to file a timely notice of appeal, the district court is without jurisdiction to hear the appeal.  Nor have the Surabians taken the necessary steps to perfect their appeal, which include filing a designation of the record and a statement of the issues to be presented as required by Rule 8006 of the Bankruptcy Rules and paying fees as required by 28 U.S.C. §§ 1917 and 1930(b).  Finally, because the Surabians lacked standing to object to the Distribution Order below, they also lack standing to prosecute this appeal.  For all of these reasons, the appeal should be dismissed.[5]

## STATEMENT OF FACTS

**A.  Procedural Background.**

As is well known, on December 11, 2008, Madoff was arrested by the FBI in his Manhattan home and was criminally charged with a multi-billion dollar securities fraud scheme in violation of § 78j(b) and 17 C.F.R. § 240.10b-5 in the United States District Court for the Southern District of New York ("District Court"), captioned *United States v. Madoff*, No. 08-MAG-2735 (S.D.N.Y. filed Dec. 11, 2008).  Also on December 11, 2008 (the "Filing Date"), the Securities and Exchange Commission ("SEC") filed a complaint in the District Court against

---

[4] Press Release, Office of Irving H. Picard, SIPA Trustee for the liquidation of Bernard L. Madoff Investment Securities (BLMIS), Second Interim Distribution of Recovered Funds to Madoff Claims Holders (Sept. 20, 2012), *available at* http://www.madofftrustee.com/document/news/000342-2012-september-20-final-second-interim-distribution-press-release.pdf.

[5] The Trustee has filed the instant motion in the interest of judicial economy.  The Trustee has incorporated only a few of the infirmities focusing on the procedural deficiencies of the Surabians' appeal but reserves his right to make any and all arguments in the event the Court does not dismiss the appeal.

2

Madoff and BLMIS. *Sec. Exch. Comm'n v. Madoff,* No. 08-10791 (S.D.N.Y. Dec. 11, 2008) (the "SEC Action").

On December 15, 2008, pursuant to § 78eee(a)(4)(A) of SIPA, the SEC consented to a combination of the SEC Action with an application of the Securities Investor Protection Corporation ("SIPC"). Thereafter, pursuant to § 78eee(a)(3) of SIPA, SIPC filed an application in the District Court alleging, *inter alia*, that BLMIS was not able to meet its obligations to securities customers as they came due and, accordingly, its customers needed the protections afforded by SIPA.

On that date, the District Court entered a protective decree, to which BLMIS consented, which, in pertinent part: (i) appointed the Trustee for the liquidation of the business of BLMIS pursuant to § 78eee(b)(3) of SIPA; (ii) appointed Baker & Hostetler LLP as counsel to the Trustee pursuant to § 78eee(b)(3) of SIPA; and (iii) removed the case to the Bankruptcy Court pursuant to § 78eee(b)(4) of SIPA.

On March 12, 2009, Madoff pled guilty to an eleven-count criminal information. At the March 12, 2009 plea hearing, Madoff admitted that he "operated a Ponzi scheme through the investment advisory side of [BLMIS]." *See* Plea Hr'g Tr. at 23:14–17, *United States v. Madoff*, No. 09-CR-213(DC). On June 29, 2009, Madoff was sentenced to 150 years in prison for his crimes.

### B. The Court-Ordered Claims Administration Process.

The Trustee sought and obtained a court order to implement a customer claims process in accordance with SIPA. Following an application by the Trustee dated December 21, 2008, the Bankruptcy Court entered the Claims Procedures Order. (ECF No. 12). By the mandatory statutory bar date for filing claims under § 78fff-2(a)(3) of SIPA, the Trustee had received over 16,500 customer claims, including eight claims timely filed by the Surabians. *See* Cheema

3

Decl., Ex. B. The Trustee denied the Surabians' claims on December 8, 2009 because there was no evidence in the books and records of BLMIS that they ever invested any money, either directly or indirectly, with BLMIS. *See* Cheema Decl., Ex. C. On January 4, 2010, the Surabians filed an objection to the Trustee's claim determinations. (ECF No. 1209); *see* Cheema Decl., Ex. D.

### C. Expungement of the Surabians' Claims and Objections.

On March 16, 2012, the Trustee filed a motion (the "Third Omnibus Motion") seeking to have the Bankruptcy Court expunge any and all claims and objections filed by or on behalf of (i) claimants that did not invest with BLMIS, or (ii) claimants that invested in entities unrelated to BLMIS, which included the Surabians. Through the claims administration process described above, or in response to the Third Omnibus Motion, the Surabians could have provided the Trustee with credible information that showed that the Surabians invested directly with BLMIS or through another BLMIS account holder. But they did not. As a result, on April 19, 2012, after notice and a hearing—at which the Surabians did not appear—the Honorable Burton R. Lifland, United States Bankruptcy Judge for the Southern District of New York, expunged the Surabians' claims and objection with prejudice pursuant to § 78fff–2(b)(2) of SIPA and the Claims Procedures Order. (ECF No. 4779); *see* Cheema Decl., Ex. E. The Surabians did not appeal the order expunging their claims and objection.

### D. The Trustee's Second Interim Distribution.

Following resolution of certain key issues in this proceeding, the Trustee was ready to make a second distribution to customers with allowed claims. On July 26, 2012, the Trustee filed his Second Interim Distribution Motion with the Bankruptcy Court. The motion sought approval to distribute between $1.493 billion and $2.427 billion, to be distributed pro rata to customers with allowed customer claims. (ECF No. 4930).

4

The Surabians filed an objection, dated August 8, 2012, to the Trustee's Second Interim Distribution Motion. (ECF No. 4965); *see* Cheema Decl., Ex. F.  The Surabians contended (a) the Trustee did not identify which claimants would receive payments and how much the claimants would receive, (b) the Surabians' claims were not included in the proposed distribution, and (c) the Trustee's Second Interim Distribution Motion did not specify how the Trustee calculated the reserve for time-based damages adjustments to net equity customer claims (the "Time-Based Damages Issue").  The Trustee filed his response to the Surabians' objection on August 15, 2012, stating that the Trustee's Second Interim Distribution Motion was clear that allowed customers would receive as little as $1.493 billion and as much as $2.427 billion, to be distributed pro rata to customers with allowed customer claims, and because the Bankruptcy Court had recognized that the Surabians were never customers or creditors of BLMIS, they would not receive any of these funds and have no standing to object to the Trustee's Second Interim Distribution Motion.  (ECF No. 4984); *see* Cheema Decl., Ex. G.

On August 22, 2012, the Bankruptcy Court entered the Distribution Order, overruling the objections and finding that the Trustee's Second Interim Distribution was reasonable and in the best interests of the BLMIS estate.  (ECF No. 4997); *see* Cheema Decl., Ex. H.  On the record at the hearing on the Trustee's Second Interim Distribution Motion—at which the Surabians did not appear—the Bankruptcy Court held that the Surabians' objection was frivolous because the Bankruptcy Court had previously determined that the Surabians lacked standing in this liquidation and had expunged their claims.  Second Interim Distribution Hr'g Tr. 21:6–9, Aug. 22, 2012 (ECF. No. 5014); *see* Cheema Decl., Ex. I.

Bankruptcy Rule 8002 provides for fourteen days to file an appeal after entry of an order. The Surabians did not file an appeal of the Distribution Order within that fourteen-day period,

5

nor did any other party. Thereafter, the Trustee distributed approximately $2.427 billion on a pro rata basis to customers in accordance with the Distribution Order. As a result of the Trustee's Second Interim Distribution, approximately 50% of customers that withdrew less money from BLMIS than they deposited over time ("Net Losers") have now been made whole.

### E. The Surabians' Untimely Appeal.

On September 19, 2012, the Surabians filed an untimely notice of appeal to the Distribution Order. (ECF No. 5031). The Surabians also failed to comply with a number of other requirements necessary to perfect their appeal, including paying their appellate fees and filing a designation of items to be included in the record of appeal with a statement of issues. 28 U.S.C. §§ 1930(b), 1917; Bankruptcy Rule 8006. Over two months later, the Surabians have still not performed these necessary requirements.

## ARGUMENT

### I. THE SURABIANS' APPEAL SHOULD BE DISMISSED BECAUSE THE COURT LACKS JURISDICTION.

#### A. Where An Appeal Is Not Timely Filed, The Court Has No Jurisdiction To Hear The Appeal.

Rule 8002(a) of the Bankruptcy Rules sets forth a fourteen-day time period for appeals from the Bankruptcy Court to this Court. *Statek Corp. v. Dev. Specialists, Inc. (In re Coudert Bros. LLP)*, 673 F.3d 180, 185–86 (2d Cir. 2012). The time limits set forth in Bankruptcy Rule 8002(a) for filing a notice of appeal are jurisdictional. *See Asbestos Pers. Injury Plaintiffs v. Travelers Indem. Co. (In re Johns-Manville Corp.),* 476 F.3d 118, 121 (2d Cir. 2007) ("Courts, including the Second Circuit, have frequently stated that time limits for filing a notice of appeal are jurisdictional."); *see also Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 203 (1988) ("[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional . . . .").

6

When a party fails to a file a notice of appeal in the prescribed time limits, the district court has no jurisdiction to hear the appeal. *See Siemon v. Emigrant Sav. Bank (In re Siemon)*, 421 F.3d 167, 169 (2d Cir. 2005) ("[T]he time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'"). Thus, the district court must dismiss an appeal when the notice of appeal is not timely. *See Harris v. Albany County Office (In re Harris)*, 464 F.3d 263, 270 (2d Cir. 2006) (holding that Bankruptcy Rule 8001(a) "makes clear that a district court enjoys discretion to dismiss an appeal [on procedural grounds] in all cases except where the debtor does not file a timely notice of appeal, in which case the court has no choice but to dismiss the case.").

The Distribution Order was entered by the Bankruptcy Court on August 22, 2012. (ECF No. 4997). The time to file a notice of appeal of the Distribution Order expired on September 5, 2012. The Surabians did not file their notice of appeal until two weeks later, on September 19, 2012. Accordingly, under Bankruptcy Rule 8002(a), the appeal should be dismissed.

### B. The Bankruptcy Rules Require that the Notice of Appeal Include A Designation Of Items And A Statement Of Issues.

Bankruptcy Rule 8006 requires that within fourteen days of filing a notice of appeal, an appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented. To date, the Surabians have failed to file a designation of items and a statement of issues.[6]

---

[6] On December 17, 2012, the Surabians filed a Statement of Issues and Designation of the Contents of the Record on Appeal (ECF No. 5154) in connection with appeal filed on November 30, 2012 (ECF No. 5136) of the order of the Bankruptcy Court denying their motion to remove the Trustee (ECF No. 5080). But no such Statement of Issues and Designation was ever filed in connection with the instant appeal.

7

In addition, the Surabians have failed to pay their appellate fees as required by 28 U.S.C. §§ 1930(b) and 1917. The Bankruptcy Court fee schedule issued in accordance with 28 U.S.C. § 1930(b) requires payment of $298.00 for filing an appeal, which includes the $5 fee for a notice of appeal required under 28 U.S.C. § 1917. But the Surabians have not performed these necessary requirements and thus the appeal should also be dismissed on procedural grounds.

## II. THE SURABIANS LACK STANDING TO APPEAL THE DISTRIBUTION ORDER.

As a result of the Bankruptcy Court having expunged the Surabians' claims and objection by final order, they lack standing to appeal because they are neither "parties-in-interest" under the Bankruptcy Code nor "persons aggrieved." Standing is a threshold issue that is appropriately resolved by motions to dismiss. *See In re Salant Corp.*, 176 B.R. 131 (S.D.N.Y. 1994) (dismissing appeal of bankruptcy court order for lack of standing). Without standing, the Court should dismiss the appeal immediately without resolving any other issues. *See, e.g.*, *Schiavone v. United States*, 766 F.2d 70, 75 (2d Cir. 1985).

In order to appeal a bankruptcy court order, "an appellant must be a person aggrieved." *In re Victory Markets, Inc.*, 195 B.R. 9, 15 (N.D.N.Y. 1996) (citations and internal quotations omitted). To be "aggrieved," the appellant must have been "directly and adversely affected pecuniarily by the challenged ruling of the bankruptcy court." *See Masonic Hall & Asylum Fund v. Official Comm. of Unsecured Creditors (In re Refco Inc.)*, 2006 U.S. Dist. LEXIS 85691, at *14 (S.D.N.Y. Nov. 16, 2006); *see also Erdheim v. Thaler (In re Erdheim),* 1999 U.S. App. LEXIS 4238, at *2–3 (2d Cir. Mar. 15, 1999) (affirming order dismissing appeal where appellant was not an "aggrieved person"); *Newspaper & Mail Deliverers' Union v. Imperial News Co.*, 1991 U.S. Dist. LEXIS 16337, at *3 (S.D.N.Y. Nov. 12, 1991) (finding that a party has standing to appeal "if the order diminishes his property, increases his burdens, or impairs his rights");

8

*D.A. Elia Constr. Corp. v. Damon and Morey, LLP (In re D.A. Elia Constr. Corp.),* 2006 U.S. Dist. LEXIS 40577 (W.D.N.Y. June 19, 2006) (citing *In re O'Brien*, 184 F.3d 140, 142 (2d Cir. 1999)) ("[I]n order to have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court.")). And being a "party-in-interest" as defined in the Bankruptcy Code is necessary but not sufficient for appellate standing. *See In re Refco Inc.*, 505 F.3d 109, 120 (2d Cir. 2007) (party-in-interest standing is necessary precondition for appellate standing); *In re Salant Corp.*, 176 B.R. at 134 ("[M]erely being a party in interest is insufficient to confer appellate standing.").

The Surabians are not "persons aggrieved" by the Distribution Order in that they are not parties directly and adversely affected pecuniarily by that Order. Their claims were expunged because they were not customers or creditors of the BLMIS estate. As such, the Surabians have no direct pecuniary interest in the distribution of BLMIS property or any decision by the bankruptcy court involving distributions.[7] When a party has no direct pecuniary interest to challenge a bankruptcy court order, he similarly waives the right to challenge the issue on appeal. *See Kane v. Johns-Manville Corp.,* 843 F.2d 636, 642 (2d Cir. 1988) (A person who seeks to appeal an order of the bankruptcy court must be "directly and adversely affected pecuniarily" by it.); *see also Gonzalez v. Musso,* 2008 U.S. Dist. LEXIS 60179, at *2 (E.D.N.Y. Aug. 4, 2008) (citing *Kane v. Johns-Manville Corp.,* 843 F.2d at 642 n.2) ("[T]he standing

---

[7] Moreover, the Surabians' appeal of the Distribution Order has been rendered moot by their failure to seek a stay of that Order. An appeal in the bankruptcy context may be considered moot when an unstayed order resulted in a comprehensive change of circumstances, such as here, where the distribution order was implemented. *In re Pan Am Corp.*, 2000 U.S. Dist. LEXIS 2562, at *13 (S.D.N.Y. Mar. 3, 2000); *see also In re Texaco, Inc.*, 92 B.R. 38, 45 (S.D.N.Y. 1988) ("In the absence of a stay, events may have so progressed by the time a bankruptcy appeal is adjudicated that an appellate court is powerless to grant the appellant effective relief, thereby depriving that court of its constitutional jurisdiction over the matter. When such is the case, the appeal must, as a matter of law, be dismissed as moot.").

limitation in bankruptcy appeals is more exacting than" the constitutional case or controversy requirement imposed by Article III, for under the constitutional "injury in fact" test, the injury need not be financial). "This standard 'reflects the understandable concern that if appellate standing is not limited, bankruptcy litigation will become mired in endless appeals brought by the myriad of parties who are indirectly affected by every bankruptcy court order.'" *See Kabro Assocs., LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.),* 111 F.3d 269, 273 (2d Cir. 1997) (quoting *Kane v. Johns-Manville Corp.*, 843 F.2d at 642).

Moreover, the appeal should be dismissed because the Surabians are not "parties in interest." The Bankruptcy Court entered an order expunging all of their claims on April 19, 2012 because they did not invest with BLMIS (which may have made them a customer or creditor), nor did they invest in any other entity that invested with BLMIS (which would make them a creditor of one of BLMIS's creditors). (ECF No. 4779). The Surabians did not appeal that Order. Because they are not creditors or customers as a matter of final order, they lacked party-in-interest standing to object to the Distribution Order. And because party-in-interest standing is a precondition for appellate standing, the Surabians also lack standing to appeal the Distribution Order before this Court. *See In re Refco Inc.*, 505 F.3d at 120 (party-in-interest standing "is a necessary precondition for . . . appellate standing").

## **CONCLUSION**

      For these reasons, the Trustee respectfully requests that this Court dismiss the Surabians' appeal of the Distribution Order.

Dated: New York, New York  
       December 20, 2012

Respectfully submitted,

/s David J. Sheehan  
David J. Sheehan  
Email: dsheehan@bakerlaw.com  
Jorian L. Rose  
Email: jrose@bakerlaw.com  
Seanna Brown  
Email: sbrown@bakerlaw.com  
Bik Cheema  
Email: bcheema@bakerlaw.com

Baker & Hostetler LLP  
45 Rockefeller Plaza  
New York, New York 10111  
Telephone: (212) 589-4200  
Facsimile: (212) 589-4201

*Attorneys for Plaintiff-Appellee Irving H. Picard, as Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*